**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) |
| THOMAS A. KUZNICKI, | ) |
| | ) |
| **Debtor** | ) |

_____

| | | |
|---|---|---|
| THOMAS A. KUZNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv505 |
| | ) | (Bankruptcy No. 11-20563 – BM) |
| EDUCATIONAL CREDIT | ) | (Adversary No. 11-02076-BM) |
| MANAGEMENT CORPORATION, | ) | |
| | ) | **Electronic Filing** |
| Defendant. | ) | |

**MEMORANDUM OPINION**

November 9, 2012

I.    **INTRODUCTION**

Before the Court is an appeal by Thomas A. Kuznicki ("Kuznicki" or "Appellant") from

the final judgment of the United States Bankruptcy Court for the Western District of

Pennsylvania finding that the student loan debt owed by Kuznicki to Educational Credit

Management Corporation ("ECMC") was nondischargeable. This Court has jurisdiction of the

appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

II.    **STATEMENT OF THE CASE**

Kuznicki voluntarily commenced a Chapter 7 bankruptcy proceeding on February 2,

2011, in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 11-

20563.  Kuznicki filed an adversary complaint at Adversary Proceeding No. 11-02076 seeking to

discharge student loans in the amount of $44,331.59, which he owed to ECMC, pursuant to the undue hardship exception set forth in 11 U.S.C. § 523(a)(8)(B).

Kuznicki was employed as a union carpenter until he was injured in May of 2001. Because the physical aspects of his construction work became too demanding, Kuznicki decided to go back to school.  Kuznicki originally enrolled at the Community College of Allegheny County in 2002, and from the Spring of 2004 until 2007 he was enrolled in classes at the University of Pittsburgh.  When he left the University of Pittsburgh, Kuznicki was thirty (30) credits short of completing a degree in civil engineering.  The loans used by Kuznicki to finance his education were federally backed student loans held by ECMC.

At the hearing, Kuznicki asserted that he had been unable to work for the preceding ten (10) years because of severe medical issues, both physical and mental. Though he stated that pain prevented him from standing, sitting, or walking for any period of time, Kuznicki had not been treated by a physical therapist for five (5) or six (6) years and had not seen his family doctor in two (2) years. Kuznicki also contends that he suffers from chronic major depressive disorder, anxiety disorder and concentration problems.  Despite these alleged mental issues, Kuznicki is neither seeing a doctor nor is he taking medication for the disorders.  Kuznicki's income consists of social security disability benefits and Carpenter's disability benefits totaling $1,700 per month.

Applying the test set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), adopted by the Third Circuit in *In re Faish*, 72 F.3d 298 (3d Cir. 199), the Bankruptcy Court found that Kuznicki failed to meet the requirements of the "undue hardship" exception provided in 11 U.S.C. § 523(a)(8)(B), and denied his request for discharge of his educational loans.

2

III.    STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, a district court reviews the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof.  *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998); *see also In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).  Review of facts under the "clearly erroneous" standard is significantly deferential and requires a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). Mixed findings of fact and conclusions of law must be broken down, and the applicable standards - "clearly erroneous" or *de novo* - must be appropriately applied to each component. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).  A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. *Marco v. Accent Pub. Co.*, 969 F.2d 1547, 1548 (3d Cir. 1992).

IV.    DISCUSSION

The Bankruptcy Code excepts from discharge any debt insured or guaranteed by a governmental unit as an educational benefit unless the debtor can show that repayment of the debt will impose an undue hardship on the debtor and the debtor's dependents. 11 U.S.C. §523(a)(8).  The Court of Appeals for the Third Circuit adopted the three-pronged test set forth in *Brunner v. New York State Higher Education Services Corp. (In re Brunner*), 831 F.2d 395 (2d Cir. 1987) to determine whether forced repayment of student loan debt will create "undue hardship" for a debtor. Under *Brunner*, "undue hardship" is dependent upon three factors:

3

(1) [whether] the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;

(2) [whether] additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and

(3) [whether] the debtor has made good faith efforts to repay the loans.

*Pa. Higher Educ. Assistance Agency v. Faish* (*In re Faish*), 72 F.3d 298, 304-305 (3d Cir. 1995)

(quoting *In re Brunner*, 831 F.2d at 396).

It is the debtor's burden to establish each prong of the test by a preponderance of the evidence, all prongs must be satisfied, and if "one of the elements of the test is not proven, the inquiry must end there, and the student loans cannot be discharged." *Brightful v. Pa. Higher Educ. Assistance Agency* (*In re Brightful*), 267 F.3d 324, 327-328 (3d Cir. 2001). This "test must be strictly construed," and "equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis." *Id.* at 328. Strict application of the *Brunner* factors "safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligations merely because repayment of the borrowed funds would require some major personal and financial sacrifices." *Id.*

Moreover, in defining undue hardship, the Third Circuit outlined the following policy concerns:

> The Brunner standard meets the practical needs of the debtor by not requiring that he or she live in abject poverty for up to seven years before a student loan may be discharged. On the other hand, the Brunner standard safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial

4

sacrifices.

*In re Faish*, 72 F.3d at 305-306.

    A.    <u>Minimal Standard of Living</u>

       Proving a minimal standard of living requires more than just a "showing of tight finances," it requires "an examination of the debtor's current financial condition to see if payment of the loans would cause his standard of living to fall below that minimally necessary." *In re Faish*, 72 F.3d at 306-307.  The Bankruptcy Court found that Kuznicki's total monthly expenses were approximately $1567.00.  That total includes: rent - $500; utilities – 120; telephone - $55; home maintenance - $20; food - $350; clothing - $75; laundry and dry cleaning - $20; over the counter medication - $20; transportation - $140; recreation - $75; renter's insurance - $15; automobile insurance - $80; Carpenter's dues - $17; internet and security - $50; and stationary supplies - $30.  Kuznicki stated at his deposition that he had not paid Carpenter's dues "in a while," therefore his total monthly expenses are actually about $1550.00.

       Kuznicki, who has no dependents, reports $1,700 per month in income consisting of monthly social security disability benefits in the amount of $1,000.00 and Carpenter's disability benefits in the amount of $700.00.  After considering a debtor's basic needs for food, clothing, shelter, and medical treatment, one must determine whether the debtor has any additional funds available to make the necessary payments toward his student loans.  *Jones v. Educ. Credit Mgmt. Corp.* (*In re Jones*), 392 B.R. 116, 127 (Bankr. E.D. Pa. 2008).  The Bankruptcy Court determined that Kuznicki's basic needs were satisfied, and that his $140 per month in transportation expenses and $75 for recreation, clubs and entertainment, newspapers and magazines were excessive.  Therefore, with some "belt-tightening," Kuznicki has in excess of $150.00 per month above and beyond his required necessities.

ECMC offers an array of payment plans, one of which is an Income-Based Repayment ("UBR") plan.  The Bankruptcy Court found that had Kuznicki chosen the IBR, his initial monthly payments would have been $50.51.  Clearly, Kuznicki is able to satisfy his basic necessities, and make payments on his federally backed student loans.

Similarly, in *In re Brightful*, the Third Circuit declined to discharge the Chapter 7 debtor's student loans. *See In re Brightful*, 267 F.3d at 330. The debtor, a 46 year-old single parent with a fourteen (14) year-old son, earned about $ 8,500 in the year she sought discharge. The debtor lived with her sister in "sub-marginal" conditions and suffered from "glaring psychiatric problems" that rendered her "emotionally unstable." *Id.* at 326 (internal quotation omitted). The district court discharged the debtor's loans, but the Third Circuit reversed, finding that although "[debtor's] hardship [was] real," it was not undue "under the *Faish* test." *Id.* at 331.

 Based on the above, the Court finds that Kuznicki has failed to establish that he would be unable to maintain "minimal" standard of living if he is forced to repay his student loans.

Having confirmed that Kuznicki could maintain a minimal standard of living while repaying his debt, the Court's inquiry would normally end. Because Kuznicki is *pro se*, however, the Court will review the Bankruptcy Court's conclusions as to the second and third prongs of the *Faish* test.

B.      Conditions Likely to Persist for Significant Portion of Repayment Period

Under the second factor, the Court must consider whether the Bankruptcy Court correctly determined that Kuznicki failed to prove that additional circumstances exist indicating that he cannot maintain a minimal standard of living for a significant portion of the repayment period if forced to repay his student loans. *In re Brightful*, 267 F.3d at 328. This is a "demanding requirement." *Id.*  Kuznicki must demonstrate "a total incapacity . . . in the future to pay [his] debts for reasons not within [his] control." *Id.*  Moreover, the Third Circuit has stated that,

"dischargeability of student loans should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *Id.* (quoting *In re Brunner*, 46 B.R. 752, 755 (S.D.N.Y. 1985)).

The Bankruptcy Court found that Kuznicki failed to prove that he had mental disorders, including depression and concentration problems that were so severe as to prevent him from being gainfully employed. The Court agrees that there is no record evidence with regard to the severity of Kuznicki's alleged mental impairments. The Bankruptcy Court, however, ignores Kuznicki's physical limitations. No one denies that Kuznicki receives social security benefits. In order to determine that a claimant is disabled, the Social Security Administration (the "SSA") must find that the claimant has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c), and such impairment is on the list of impairments presumed severe enough to render the claimant disabled, 20 C.F.R. §§ 404.1520(d), 416.920(d); or, if the claimant's impairment is not on the list, the SSA must find that the claimant's impairment prevents him from performing his previous work and that the claimant, based upon his age, education, and past work experience, is incapable of performing any other job existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(f), 404.1560(c), 416.920 (f), 416.960(c). *See also Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

Though the Bankruptcy Court failed to include Kuznicki's physical disability in its analysis, Kuznicki failed to demonstrate "a total incapacity . . . in the future to pay [his] debts for reasons not within [his] control." This Court, therefore, is unable to find that Kuznicki met his burden as required under the second element of the *Brunner* test.

7

C.    Good Faith Effort to Repay

Finally, Kuznicki must demonstrate that he has made good faith efforts to repay his loans. *In re Faish*, 72 F.3d at 305.  The "good faith" inquiry is guided by the understanding that "undue hardship encompasses a notion that the Debtor may not negligently or willfully cause his own default. Instead, his financial plight must be due to factors beyond his reasonable control." *In re Cehula*, 327 B.R. 241, 246 (Bankr. W.D. Pa. 2005) (citing *In re Faish*, 72 F.3d at 305).  In making this determination, the Third Circuit has noted two non-exclusive factors bankruptcy courts should consider: "(1) whether the debtor incurred substantial expenses beyond those required to pay for basic necessities and (2) whether the debtor made efforts to restructure his loan before filing his petition in bankruptcy." *Pelliccia v. United States Dept. of Education*, 67 Fed. Appx. 88, 91 (3d Cir. 2003).

A debtor's effort to seek out loan consolidation options that make his loan repayment obligation less onerous is an important consideration in the "good faith" inquiry.  *In re Fabrizio*, 369 B.R. 238, 245 (Bankr. W.D. Pa. 2007). Though this factor is not dispositive, it supports a finding that the debtor takes his loan obligations seriously and is making his best efforts to repay the loan despite his unfortunate financial circumstances.  *Id.* (citing *In re McNemar*, 352 B.R. 621, 624 (Bankr. N.D. W.Va. 2006)). *See also In re Allen*, 324 B.R. 278, 282-283 (Bankr. W.D. Pa. 2005).

The Bankruptcy Court found that Kuznicki had excess disposable income that could be used to repay his loans, and such excess far exceeded the minimum payment of $50.51 required under the IBR.  Because Kuznicki failed to avail himself of the repayment terms available under the IBR, this Court is unable to find error in the Bankruptcy Court's determination that he did not make a good faith attempt to repay his education loans.

**V.**      **CONCLUSION**

Based on the foregoing, the decision of the Bankruptcy Court finding that the student loan debt owed by Kuznicki to ECMC was nondischargeable will be affirmed.  An appropriate order follows.

Cercone, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) |
| **THOMAS A. KUZNICKI,** | ) |
| | ) |
|     **Debtor** | ) |

_____

| | |
|---|---|
| **THOMAS A. KUZNICKI,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    2:12cv505 |
| | )    (Bankruptcy No. 11-20563 – BM) |
| **EDUCATIONAL CREDIT** | )    (Adversary No. 11-02076-BM) |
| **MANAGEMENT CORPORATION,** | ) |
| | )    **Electronic Filing** |
|     Defendant. | ) |

**ORDER OF COURT**

AND NOW this 9th day of November, 2012, upon consideration of the appeal from the final judgment of the United States Bankruptcy Court for the Western District of Pennsylvania finding that the student loan debt owed by Thomas A. Kuznicki to the Educational Credit Management Corporation was nondischargeable filed on behalf of Debtor, Thomas A. Kuznicki, the response thereto, and the briefs filed in support thereof, in accordance with the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is **AFFIRMED**. The Clerk shall mark this case closed.

                               s/ David Stewart Cercone
                               David Stewart Cercone
                               United States District Judge

cc:    Thomas A. Kuznicki
        1121 N. Euclid Avenue
        Pittsburgh, PA  15206
        (*Via First Class Mail*)

John P. Neblett, Esquire
(*Via CM/ECF Electronic Mail*)